IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY GLEN WRIGHT,        :
                            :
        Petitioner          :    CIVIL NO. 1:16-CV-00955
                            :
    vs.                     :
                            :
MARK GARMAN, et al.,        :    (Judge Rambo)
                            :
        Respondents         :

**MEMORANDUM**

On May 23, 2016, Petitioner, Anthony Glen Wright, an inmate at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.[1] For the reasons set forth below Wright's petition will be dismissed as untimely filed.

---

1. Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

**Factual Background**

In the petition Wright alleges that he was sentenced on June 4, 2010, by the Court of Common Pleas of Franklin County, Pennsylvania, for involuntary deviate sexual intercourse and aggravated indecent assault, and received an aggregate sentence of imprisonment 7 ½ to 20 years. (Doc. 1, at 1.)  The petition raises issues that were available at the time Wright was sentence in 2010. (Id. at 6-10.)  Wright states that he filed a direct appeal to the Pennsylvania Superior Court and that his judgment of conviction and sentence was affirmed by that court on August 19, 2011. (Id. at 3.) Wright had 30 days from the Superior Court's order affirming the judgment of conviction and sentence to file a petition for allowance of appeal with the Pennsylvania Supreme Court. Pa.R.A.P., Rule 1113. Wright did not file a petition for allowance of appeal with the Supreme Court and the time for doing so expired on Monday, September 19, 2011. (Id.)

Thereafter, Wright on August 17, 2012, filed in the Franklin County Court of Common Pleas a petition

under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541, et seq. ("PCRA"). Wright avers that the Court of Common Pleas denied that petition on July 3, 2013. (Id.) Wright states that he appealed the denial of his PCRA petition to the Superior Court but does not specify when he appealed or when the Superior Court rendered a decision. (Id. at 4.) However, a review of the docket of the Court of Common Pleas of Franklin County utilizing Pennsylvania's Unified Judicial System Web Portal reveals that Wright on July 30, 2013, filed a notice of appeal and that on March 14, 2014, the Superior Court affirmed the lower court's decision.[2] Wright had 30 days from the Superior Court's order affirming the lower court's decision to file a petition for allowance of appeal with the Pennsylvania Supreme Court. Pa.R.A.P., Rule 1113.  Wright did not file a petition for allowance of appeal with the Supreme Court and the time for doing so expired on Monday, April

---

2. Commonwealth of Pennsylvania v. Anthony Glen Wright, CP-28-CR-0000193-2009.

14, 2014.[3]  On April 9, 2014, Wright filed a second PCRA petition in the Court of Common Pleas of Franklin County.[4]  However, on January 29, 2015, the Court of Common Pleas determined that the second PCRA was not properly before the court because it was untimely filed and that the court lacked jurisdiction to consider the petition.[5]  On May 3, 2016, the Superior Court of Pennsylvania affirmed the lower court's decision.[6] Wright had 30 days from the Superior Court's order affirming the lower court's decision to file a petition for allowance of appeal with the Pennsylvania Supreme Court.  Pa.R.A.P., Rule 1113.  Wright did not file a petition for allowance of appeal with the Supreme Court and the time for doing so expired on Thursday, June 2, 2016.[5]

By Order dated September 6, 2016, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir.

---

3. Id.
4. Id.
5. Id.
6. Id.
5. Id.

4

1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), Wright was advised that he could (1) have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeals, or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. 7). On September 14, 2016, Wright filed a notice of election form indicating that he wanted to proceed on the petition as filed. (Doc. 8).

**Discussion**

There is a one-year statute of limitations for filing a 2254 federal petition for writ of habeas corpus. See 28 U.S.C. § 2244(d)(1). For our purposes, that period starts to run from the date the conviction becomes final, defined in section 2244(d)(1)(A) as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." However, 28 U.S.C. §

2244(d)(2) also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]"  We will first address the question of when Wright's conviction became final for purposes of the commencement of the 1-year statute of limitations and then address whether there is any other time excluded under §2244(d)(2).

As stated above, Wright was sentence on June 4, 2010.  Wright did take a direct appeal which was decided on August 19, 2011, and the time for seeking further review expired on September 19, 2011. The period of time which elapsed from the time for seeking direct review in the Supreme Court expired until Wright filed his first PCRA petition is 333 days.  Those days are counted towards the 1-year statute of limitations. The first PCRA petition was properly pending in state court until Monday, April 14, 2014, when the time to seek review of the Superior Court's decision affirming the lower court's denial of the first PCRA petition expired. After

that date there were no properly filed applications for State post-conviction or other collateral review pending in state court because the Court of Common Pleas determined that the second PCRA petition was untimely filed and, consequently, it lacked jurisdiction to consider the second petition. The time from April 14, 2014, to May 23, 2016, is counted towards the 1-year statute of limitation and, therefore, Wright's petition is subject to dismissal as untimely filed. See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 86 (3d Cir. 2013)(If a PCRA petition is determined by a state court to be untimely filed it is not a properly filed application under 28 U.S.C. § 2244(d)(2)); Merrit v. Blaine, 326 F.3d 157, 162-164 (3d Cir. 2003)(same); Lovasz v. Vaughn, 134 F.3d 146, 148-149 (3d Cir. 1998)(same).

  An appropriate order will be entered.

          s/Sylvia Rambo
          SYLVIA H. RAMBO
          United States District Judge

Dated: December 1, 2016