IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY GLEN WRIGHT,  :
:
    Petitioner  :  CIVIL NO. 1:16-CV-00955
:
  vs.  :
:
MARK GARMAN, et al.,  :  (Judge Rambo)
:
    Respondents  :

**MEMORANDUM**

**Background**

On May 23, 2016, Petitioner, Anthony Glen Wright, an inmate at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The petition was given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254[1] and was dismissed as untimely by memorandum and order of December 1, 2016. (Docs. 10, 11.) On December 9, 2016, Wright filed a

---

1. Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

motion for reconsideration (Doc. 12.)  For the reasons set forth below the motion will be denied.

**Discussion**

A motion for reconsideration is a device of limited utility.  It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for

reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

   The court incorporates herein by reference the reasoning set forth in the memorandum of December 1,

2016.  In summary, the court found that the docket of the Court Common Pleas of Franklin County revealed that Wright filed two PCRA petitions but that the second one was dismissed as untimely by the Court of Common Pleas and the Superior Court affirmed that dismissal.  The first PCRA petition was properly pending in state court until Monday, April 14, 2014, when the time to seek review of  the Superior Court's decision affirming the lower court's denial of the first PCRA petition expired.  After that date there were no properly filed applications for State post-conviction or other collateral review pending in state court because the Court of Common Pleas as stated determined that the second PCRA petition was untimely filed and, consequently, it lacked jurisdiction to consider the second petition.  Wright's habeas petition was filed in this court on May 23, 2016, more than 1 year after April 14, 2014.  Consequently, the petition was untimely filed.

      In the motion for reconsideration (Doc. 12) Wright claims that this court misconstrued the docket

and attaches a copy of the Superior Court opinion to his motion. He claims his second PCRA petition was not dismissed as untimely filed. A review of the Superior Court opinion, however, reveals that the Superior Court clearly found that the Court of Common Pleas was correct in dismissing the second PCRA petition as untimely filed. (Doc. 12-1, at 11.)

Wright's motion for reconsideration fails to demonstrate that there has been an intervening change in the law, that there is newly discovered evidence, or that there has been a clear error of law or manifest injustice committed. Thus, the Court finds that its decision of December 1, 2016, is not defective because of manifest errors of law or fact and Wright has not presented anything new, which if previously presented, might have affected the court's decision. Consequently, the motion for reconsideration will be denied.

An appropriate order will be entered.

                              s/Sylvia Rambo
                              SYLVIA H. RAMBO
                              United States District Judge

Dated: December 13, 2016